PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAMIRO PIERANTONI AND ONOFRE PIERANTONI, Defendants and Appellants.

No. 2701. Argued March 26, 1926.—Decided April 30, 1926.

386

*Felipe Colón* and *Miguel Bahamonde* for the appellants. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the Municipal Court of Ponce a complaint was filed charging the defendants as follows: "That on March 23, 1925, . . . the defendants voluntarily and maliciously disturbed the peace and tranquility of the neighborhood by tumultuous and offensive conduct, each of the defendants carrying a revolver and Ramiro Pierantoni having acted on a country road in a threatening and provocative manner by firing a shot with the arm which he carried."

The case was appealed to the district court and at the beginning of the trial counsel for the defense moved the court to quash the complaint as to Onofre Pierantoni because the complaint did not charge him with any criminal act.

The motion was denied. After hearing the evidence the court found the defendants guilty and sentenced each of them to ninety days in jail.

They appealed, alleging that the complaint in general is substantially defective and particularly as regards defendant Onofre Pierantoni, and that the judgment is contrary to the evidence and the law.

In our opinion the complaint is not defective. Considering the nature of the crime involved, several modes of committing it may be charged in a single count, according to the following jurisprudence laid down in the case of *People* v. *Ways,* 29 P.R.R. 311, 317:

"But even if several modes of committing the offense had been charged in a single count, the complaint would be sufficient consider-

ing the nature of the offense. 'Where several modes are named by which a breach of the peace may be committed, an indictment charging in one count several acts committed at the same time and as part of same transaction is not duplicitous.' 9 C. J. 390.''

But the facts are not sufficient as regards Onofre Pieran-toni. The motion of his counsel made at the beginning of the trial should have been granted. The nature of his disorderly and offensive conduct is not specified. The fact that he was carrying a revolver is not sufficient in itself. Nor is the mere act of his accompanying the other defendant.

Perhaps it may be well to say that the evidence did not show anything specific against said defendant. On the contrary, the most important witness, Juana Pérez, said in regard to him that "the other did nothing." It seems that the judgment of conviction was based solely on the deduction that the district judge made of his conformity with the acts of the other defendant, Ramiro Pierantoni, by the fact that he was accompanying him armed. In order to convict him something else should have been shown both by the complaint and by the evidence.

As against Ramiro Pierantoni the evidence is plain and sufficient. There had been prior quarrels by reason of the fact that a certain right of way through a real property had been closed. The defendant, on a country road and in front of dwelling houses, fired a shot from his revolver and disturbed the peace of the neighborhood in such a way that a girl suffered a nervous attack and had to be taken to a physician.

For the foregoing reasons the judgment appealed from must be affirmed as to Ramiro Pierantoni and reversed as to the other appellant, Onofre Pierantoni, who should be acquitted.

Mr. Justice Wolf concurred in the judgment.